# EXHIBIT A

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA |
| **JEFFREY HOYDIC,** | CASE NO.: 22-CA- |
| Plaintiff, | FLA BAR NO.: 0739685 |
| v. |  |
| **FLORIDA DEPARTMENT OF CORRECTIONS, FLORIDA DEPARTMENT OF TRANSPORTATION, CENTURION OF FLORIDA, LLC, and MHM HEALTH PROFESSIONALS, LLC,** |  |
| **Defendants.** |  |
| _____/ |  |

## COMPLAINT

Plaintiff, JEFFREY HOYDIC, hereby sues Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, FLORIDA DEPARTMENT OF TRANSPORTATION, CENTURION OF FLORIDA, LLC., and MHM HEALTH PROFESSIONALS, LLC and alleges:

### NATURE OF THE ACTION

1.  This is an action brought under the common law of the State of Florida and under 42 U.S.C. §1983. Attorneys fees are sought under 42 U.S.C. §1988.

2.  This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.  At all times pertinent hereto, Plaintiff, JEFFREY HOYDIC, has been a resident of the State of Florida.

4.  At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS (DOC) has been organized and existing under the laws of the State of Florida.

5. At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION, has been organized and existing under the laws of the State of Florida.

6. At all times pertinent hereto, Defendant CENTURION OF FLORIDA, LLC (Centurion) was conducting business in Florida and provided healthcare for prisoners housed within one or more DOC institutions including Putnam Correctional Institution.

7. At all times pertinent hereto, Defendant MHM HEALTH PROFESSIONALS, LLC (MHM), was conducting business in Florida and provided healthcare for prisoners housed within one or more DOC institutions including Putnam Correctional Institution.

## CONDITIONS PRECEDENT

8. Plaintiff has satisfied all conditions precedent to bringing this action. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

9. On or about August 16, 2018, Plaintiff was working on a road crew around St. Augustine under the supervision of Department of Corrections ("DOC"). Plaintiff was partially inside a truck retrieving tools while standing on the shoulder of the road when a Department of Transportation ("DOT") vehicle driven by a DOC employee, Officer Parker, crashed into the truck and into Plaintiff.

10. Plaintiff was seriously injured and in significant pain, however he was not treated on site, rather he was required to work for the remainder of the day. The DOC officers attempted to conceal the damage to the truck upon return to Putnam Correctional Institution (Putnam CI), however, the damage was discovered and reported by a DOC supervisor,

11. At that time at Putnam CI, Centurion and MHM were providing healthcare and medical services for inmates located there, including Plaintiff.

2

12. Upon his return to Putnam CI, Plaintiff declared a medical emergency but was not properly treated or given an MRI until some four months later. Plaintiff's injuries were such that he required laser disc surgery and he still requires further surgery and treatment which he is not receiving, nor is he receiving appropriate pain management for his intense suffering.

13. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## COMMON LAW NEGLIGENCE
### Against Defendant DEPARTMENT OF TRANSPORTATION

14. Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

15. This count sets forth a claim against Defendant for common law negligence. Defendant DEPARTMENT OF TRANSPORTATION knew or should have known that Plaintiff was within a zone of risk related to contact with its agents/employees.

16. Defendant owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendant and/or Defendant had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendant because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

17. Defendant further breached its duty to properly supervise its employee and agents, to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal and/or tortious activity.

18. The actions of Defendant complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

19. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, bodily injury, emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, all because of the actions of Defendant and is therefore entitled to compensatory damages. These damages have occurred in the past, are occurring at present and will certainly occur in the future.

## COUNT II
## COMMON LAW NEGLIGENCE
### Against Defendant DEPARTMENT OF CORRECTIONS

20. Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

21. This count sets forth a claim against Defendant DEPARTMENT OF CORRECTIONS for common law negligence. Defendant knew or should have known that Plaintiff was within a zone of risk related to contact with its agents/employees.

22. Defendant owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendant and/or Defendant had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendant because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

23. Defendant further breached its duty to properly supervise its employee and agents, to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal and/or tortious activity.

24. The actions of Defendant complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

25. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, bodily injury, emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, all because of the actions

4

of Defendant DEPARTMENT OF CORRECTIONS and is therefore entitled to compensatory damages. These damages have occurred in the past, are occurring at present and will certainly occur in the future.

## COUNT III
## COMMON LAW NEGLIGENCE
### Against Defendants CENTURION/MHM

26.    Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

27.    This count sets forth a claim against Defendants for common law negligence. Defendants knew or should have known that Plaintiff was within a zone of risk related to contact with its agents/employees.

28.    Defendants owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendants and/or Defendants had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendants because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

29.    Defendants further breached their duty to properly supervise their employees and agents, to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of criminal and/or tortious activity.

30.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, bodily injury, emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, all because of the actions of Defendants and is therefore entitled to compensatory damages. These damages have occurred in the past, are occurring at present and will certainly occur in the future.

## COUNT IV
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
### Against Defendants CENTURION/MHM

31. Plaintiff re-alleges paragraphs 1 through 13 as if fully set forth herein.

32. At all times material, Defendants had a duty under the Constitution of the United States of America to provide adequate medical care to those inmates, including Plaintiff, in the custody of Defendant DOC at Putnam CI.

33. At all times material, Defendants had a duty under the Eighth Amendment, as applicable to the State through the Fourteenth Amendment to the United States Constitution, not to be deliberately indifferent to the known serious medical needs of inmates in the custody of DOC, like Plaintiff.

34. While incarcerated within a DOC facility with healthcare/medical services provided under contract with DOC by Centurion and MHM, Plaintiff suffered from a serious medical need to wit, crushed and ruptured disc which, if not properly and timely treated would and did leave Plaintiff permeant damage including but not limited to disc removal.

35. Defendants were deliberately indifferent to Plaintiff's medical needs. Defendants were aware of Plaintiff's injuries, as evidenced by Plaintiff being struck by a truck and being suffering. Defendants, through their employees, officers, or agents, were aware of Plaintiff's injuries and that Plaintiff was at a risk of serious harm and continued pain if he did not receive immediate treatment.

36. Plaintiff's medical diagnosis and condition or conditions was known or knowable to Defendants at all times material. Despite their actual or imputed knowledge of the serious risk to Plaintiff's health, Defendants, intentionally or through deliberate indifference, failed or refused to provide Plaintiff with access to medical care requested by Plaintiff. Had Defendants, through

their officers, employees, or agents, ensured that Plaintiff was properly treated in a timely manner, Plaintiff's pain and injuries would have been alleviated or limited.

37. As a direct, proximate, and foreseeable result of Defendants' deliberate indifference to Plaintiff's known serious medical needs, Plaintiff has suffered the injuries described herein including bodily injuries and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, and other losses. These injuries and losses are continuing, and Plaintiff will suffer such losses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 21st day of April 2022.

                                                          Respectfully submitted,

                                                          /s/ Marie A. Mattox
                                                          Marie A. Mattox [FBN 0739685]
                                                          MARIE A. MATTOX, P. A.
                                                          203 North Gadsden Street
                                                          Tallahassee, FL 32301
                                                          Telephone:  (850) 383-4800
                                                          Facsimile:   (850) 383-4801
                                                          Marie@mattoxlaw.com
                                                          Secondary emails:
                                                          marlene@mattoxlaw.com
                                                          michelle@mattoxlaw.com

                                                          ATTORNEYS FOR PLAINTIFF

8